IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW ADAMS<br>8865 Carrollton Ave, Apt. A<br>Savage, MD 20763,<br><br>Plaintiff,<br><br>v.<br><br>POSITIVE SPACE, LLC<br>1001 Jackson Street, NE<br>Washington, DC 20017<br><br>and<br><br>SCOTT EVANS<br>1001 Jackson Street, NW<br>Washington, DC 20017<br><br>Defendants. | Civil Action No.<br><br>COMPLAINT |

## NATURE OF THE ACTION

Plaintiff brings this action against Defendants Positive Space and Scott Evans to redress violations of federal and District of Columbia law that occurred during the course of Plaintiff's employment with Defendants. By the actions and omissions alleged herein, Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the D.C. Minimum Wage Law, D.C. Code Ann. §§ 32-1001 *et seq.* ("DCMWL"). Plaintiff seeks back pay in the form of unpaid overtime wages for labor and services tendered on Defendants' behalf, liquidated damages, attorneys' fees, costs, and expenses to redress Defendants' unlawful actions.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Count I of this Complaint pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 because this action arises under the laws of the United States.

2. This Court has supplemental jurisdiction over Count II in this Complaint, which arises under the laws of the District of Columbia, pursuant to 28 U.S.C. §1367(a), because the claims in Count II arise from a common set of operative facts with Count I. The Claims in Count II are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy.

3. Venue is proper in the District of Columbia pursuant to 28 U.S.C. §1291(b) because a substantial part of Defendants' actions and omissions giving rise to the claims in this Complaint occurred in the District of Columbia. Defendants frequently do business in the District of Columbia and are subject to personal jurisdiction in the District.

4. This Court has personal jurisdiction over Defendants because they have substantial, continuous, and systematic contacts with the District of Columbia. Personal jurisdiction over Defendant is also proper because a substantial part of the actions and omissions alleged herein occurred in the District of Columbia.

## PLAINTIFF

5. Plaintiff, Matthew Adams, resides in Savage, Maryland. Plaintiff worked for Defendants between May 2010 through November 2013.

6. For the entire duration of the events that give rise to the allegations in this Complaint, Defendants employed Plaintiff within the meaning of 29 U.S.C §203(g).

7. Defendants employed Mr. Adams within the meaning of D.C. Code §32-1002(1).

## DEFENDANTS

8. Defendant Positive Space LLC is a District of Columbia corporation with its principal place of business in Washington, D.C. Upon information and belief, Positive Space provides general construction contracting services for residential and commercial buildings in Washington, D.C.

9. Defendant Positive Space is an enterprise engaged in interstate commerce.

10. Upon information and belief, Positive Space has an annual business revenue in excess of $500,000.

11. At all relevant times, Defendant Positive Space had the actual and apparent authority to bind and set wage and hour policies, and to hire or fire Plaintiff.

12. Defendant Positive Space is an employer within the meaning of 29 U.S.C. §203(d).

13. Defendant Positive Space is an employer within the meaning of D.C. Code §32-1002(3).

14. Defendant Scott Evans is an adult resident of Washington, DC.

15. Defendant Scott Evans employed Plaintiff at all times relevant to this litigation.

16. Defendant Scott Evans is an employer within the meaning of 29 U.S.C. §203(d).

17. Defendant Scott Evans is an employer within the meaning of D.C. Code §32-1002(3).

## STATEMENT OF FACTS

18. Defendants employed Plaintiff Matthew Adams as a carpenter from approximately May 2010 through November 2013.

19. While employed by Defendants, Mr. Adam's primary duties consisted of performing manual labor including hanging drywall, framing, building stairs, and setting cabinets in residential and commercial properties.

20. Mr. Adams typically worked alone or with one other carpenter.

21. On most days, Mr. Adams communicated with Defendant Evans and received instruction and direction from Mr. Evans regarding assignments and tasks to complete.

22. Defendant Evans was present at Plaintiff's worksite multiple times a week to provide direct supervision.

23. Mr. Adams did not make major decisions affecting the project without the input and approval of Defendant Evans.

24. Mr. Adams did not have the authority to hire and fire employees.

25. Mr. Adams did not have the authority to discipline employees.

26. Mr. Adams did not have authority to set rates of pay for other employees.

27. Throughout his employment, Mr. Adams frequently worked in excess of forty hours every week.

28. Mr. Adams was not paid time and one-half of the minimum wage for those hours worked in excess of 40 hours in any one work week.

29. Defendants knowingly and intentionally violated Mr. Adams's rights under the federal and state wage payment statutes.

## Count I: Violation of the FLSA

30. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

31. Mr. Adams was employed by Defendants to perform manual labor and other "non-exempt" duties under the FLSA.

32. Mr. Adams is not exempt from being paid at a rate of one and one half times his regular rate when he works in excess of forty (40) hours in one week.

33. Mr. Adams worked more than forty (40) hours in one or more workweeks while employed by Defendants.

34. In violation of 29. U.S.C. §207(a), Defendants failed to pay Mr. Adams for overtime work at a rate of at least one and one half times Mr. Adams's regular rate of pay for hours worked in excess of forty (40) hours in any given workweek.

35. Defendants' violations of the FLSA were repeated, willful and intentional. Accordingly, a three-year statute of limitations governs this claim pursuant to 29 U.S.C. §255(a).

36. For its violations, Defendants are liable to Mr. Adams for all unpaid overtime compensation, any additional equal amount in liquidated damages, plus costs and reasonable attorneys' fees incurred in the filing and maintenance of this action.

### Count II: Violation of the D.C. Minimum Wage Law

37. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

38. Defendants failed to pay Mr. Adams one and one half times her regular rate of pay for every hour worked in excess of forty (40) hours each workweek, in violation of D.C. Code § 32-1003(c) of the DCMWL.

39. Defendants' violations of the DCMWL and regulations promulgated thereto were repeated, willful, and intentional.

40. Defendants are liable to Mr. Adams under D.C. Code Ann. §32-1012 for unpaid overtime compensation, liquidated damages equal to treble the amount of unpaid wages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

Mr. Adams respectfully requests that the Court:

a. Enter judgment for Mr. Adams against Defendants as a result of the Defendants' willful and intentional violation of 29 U.S.C. §§215(a) and 207(a), and award unpaid overtime wages against Defendant, in favor of Mr. Adams, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), plus such prejudgment interest as may be allowed by law, and enter judgment on those damages, plus attorneys' fees and costs;

b. Enter judgment for Mr. Adams against Defendants as a result of the Defendants' willful and intentional violation of D.C. Code § 32-1001 *et seq.,* and award unpaid overtime wages against Defendant, in favor of Mr. Adams, plus an additional amount as liquidated damages equal to treble the amount of unpaid wages, plus attorneys' fees and costs.

Respectfully submitted,

*Daniel A Katz*
_____

Daniel A. Katz, Bar No. 447412
The Law Offices of Gary M. Gilbert & Associates
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Phone:       (301) 608-0880
Facsimile:   (301) 608 0881
dkatz@ggilbertlaw.com